UNITED STATES DISTRICT COURT     O
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| DEBORAH FISCHER, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:12-CV-242 |
| | § | |
| CITY OF DONNA, TEXAS, | § | |
| | § | |
|     Defendant. | § | |

## OPINION AND ORDER

Pending before the Court is a motion for summary judgment filed by The City of Donna, Texas ("Defendant").[1] After considering the motion, response, record and relevant authorities, the Court **DENIES** the motion in its entirety.

**I.  Background**

Deborah Fischer ("Fischer"), a non-Hispanic, Caucasian-American woman, alleges that in 2000 she began providing accounting services to Defendant.[2] She claims that over the next ten or so years, she took on increasing levels of responsibility and a wider array of duties for Defendant,[3] and that she applied for the city manager position when the opening was posted in the fall of 2010.[4] She further alleges that although she was a more qualified applicant, the city council hired Oscar Ramirez, a Mexican-American male.[5]

The parties agree that the city council voted to hire Oscar Ramirez on November 29, 2010.[6] According to Defendant's city charter, the city council is composed of five members: the

---

[1] Dkt. No. 12.
[2] Dkt. No. 1 at ¶¶ 8 and 10-11.
[3] Dkt. No. 1 at ¶ 10.
[4] Dkt. No. 1 at ¶¶ 13-14.
[5] Dkt. No. 1 at ¶¶ 15-16 and 18.
[6] Dkt. No. 12 at pp. 2-3; Dkt. No. 13 at p. 3.

mayor and four councilmen.[7]  One councilman is designated as the Mayor Pro-Tem.[8]  During the relevant time period, the city council was composed of the following individuals: (1) David S. Simmons, Mayor; (2) Simon Sauceda II, Mayor Pro-Tem; (3) Guadalupe Castillo III, Councilman; (4) Jose G. Garza, Jr., Councilman; (5) Irene Muñoz, Councilwoman.[9]

On July 23, 2012, Fischer sued Defendant.[10]  In her complaint Fischer alleges that she did not receive the city manager position because she was discriminated against based on her race, sex, and national origin in violation of Title VII and 42 U.S.C. § 1981.[11]  She further asserts that councilwoman Irene Muñoz told her that she was not hired because certain members of the city council thought the City of Donna was not ready for a white woman to be the city manager.[12]

On April 5, 2013, Defendant filed a motion for summary judgment.  Although the introduction of Defendant's motion for summary judgment indicates that Defendant is moving for summary on all of Fischer's claims, Defendant only addressed Fischer's Title VII claims.[13]  Fischer timely filed a response.[14]

## II.   Analysis

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15]  Federal Rule of Civil Procedure 56 states in part:

> (c) Procedures.  (1) Supporting Factual Positions.  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:  (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

---

[7] Dkt. No. 12-3 at p. 14.
[8] Dkt. No. 12-3 at pp. 16-17.
[9] Dkt. Nos. 12-4, 12-5 and 12-6.
[10] Dkt. No. 1.
[11] Dkt. No. 1 at ¶¶ 28-29 and 31-32.
[12] Dkt. No. 1 at ¶¶ 19-21.
[13] Dkt. No. 12.
[14] Dkt. No. 13.
[15] FED. R. CIV. P. 56(a).

>   (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.[16]

**A.    Title VII**

Defendant moves for summary judgment on all of Fischer's Title VII discrimination claims.[17] "The Title VII inquiry is whether the defendant intentionally discriminated against the plaintiff."[18] "Intentional discrimination can be established through either direct or circumstantial evidence."[19] If a plaintiff "presents no direct evidence of discrimination, her claim is analyzed using the framework set forth in *McDonnell Douglas Corp. v. Green*[.]"[20] Therefore, the Court will begin by evaluating whether this is a direct or circumstantial evidence case.

In its motion for summary judgment, Defendant analyzes this case under the *McDonnell Douglas* burden-shifting framework.[21] Thus, it is Defendant's position that this is a circumstantial evidence case. In her response, Fischer argues that the *McDonnell Douglas* framework is inapplicable because there is direct evidence of discrimination.[22] Specifically, Fischer directs the Court to her deposition testimony where she related the content of a conversation between Fischer and councilwoman Irene Muñoz. The Court will now consider whether Fischer has presented direct evidence of discrimination.

According to Fischer's testimony, Irene Muñoz called Fischer and asked Fischer to meet her to discuss some things related to the city and what happened with the city manager

---

[16] FED. R. CIV. P. 56(c).
[17] Dkt. No. 12 at p. 1.
[18] Alvarado v. Texas Rangers, 492 F.3d 605, 611 (5th Cir. 2007) (internal quotation marks and citation omitted).
[19] *Id.* (citation omitted).
[20] *Id.* (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)).
[21] Dkt. No. 12 at pp. 4-9.
[22] Dkt. No. 13 at p. 5.

position.[23]   The following excerpt from Fischer's deposition addresses a portion of her conversation with Muñoz:

> **Q.** Now, you said that Councilwoman Muñoz told you that she was called for that by another councilperson and they discussed the applicants, correct?
>
> **A.** Yes.
>
> **Q.** Who was – who did she say was the councilperson that called her?
>
> **A.** Simon Sauceda.
>
> **Q.** And what did she say Mr. Sauceda told her during that phone conversation?
>
> **A.** What I had previously said, that they had had a meeting and had discussed the final applicants that they were considering and had basically eliminated me because they felt that the City of Donna was not ready for a white woman.
>
> **Q.** Okay. So according to Councilwoman Muñoz – this is in the conversation she told you – Sauceda calls her, tells her, "Myself and Mayor Simmons had a meeting"; is that correct?
>
> **A.** Correct.
>
> **Q.** "And discussed the applicants."
>
> **A.** Correct.
>
> **Q.** Did he say whether anyone else was present at that meeting?
>
> **A.** The judge Javier Garza, the municipal judge.
>
> **Q.** And, according to Ms. Muñoz, Sauceda told her that those people – and by that I mean Sauceda, Mayor Simmons, and presumably Judge Garza – had made a decision that the city was not ready for a white woman?
>
> **A.** Yes.[24]

"Direct evidence is evidence that, if believed, proves the fact of discriminatory animus without inference or presumption."[25]  In *Jones v. Robinson Property Group. L.P.*,[26] the Fifth

---

[23] Dkt. No. 13-1 at pp. 20-22.
[24] Dkt. No. 13-1 at pp. 24-25.

Circuit stated the following regarding direct evidence: "We have previously held that statements or documents which show on its face that an improper criterion served as a basis-not necessarily the sole basis, but a basis-for the adverse employment action are direct evidence of discrimination."[27]  Furthermore, the Fifth Circuit has endorsed a four-part test for determining whether certain workplace comments are direct evidence of discrimination.[28]

> [I]n order for comments in the workplace to provide sufficient evidence of discrimination, they must be 1) related [to the protected class of persons of which the plaintiff is a member]; 2) proximate in time to the [complained-of adverse employment decision]; 3) made by an individual with authority over the employment decision at issue; and 4) related to the employment decision at issue.[29]

In this case, Fischer has produced evidence that Councilman/Mayor Pro-Tem Simon Sauceda made a comment to Councilwoman Muñoz which on its face shows that improper criteria served as bases for Defendant's decision to not hire Fischer.  Additionally, assuming without deciding that Sauceda's comment to Muñoz should be analyzed as a workplace comment, the comment satisfies the four-prong test which applies to workplace comments.  First, the word "woman" relates to Fischer's sex and the word "white" in this context references Fischer's race and/or national origin.[30]  Second, although the exact timing of the comment is unknown, it is clear that it was made to Muñoz soon before the city council voted to hire Oscar Ramirez instead of Fischer.  Third, the comment was made by Sauceda who was one of the

---

[25] Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 897 (5th Cir. 2002) (citation omitted).
[26] 427 F.3d 987 (5th Cir. 2005).
[27] *Id*. at 993 (internal quotation marks and citations omitted).
[28] Laxton v. Gap Inc., 333 F.3d 572, 583 n.4 (5th Cir. 2003).
[29] Rubinstein v. Adm'rs of Tulane Educ. Fund, 218 F.3d 392, 400-01 (5th Cir. 2000) (internal quotation marks and citation omitted).
[30] Although the Court recognizes that there is a difference between race and national origin, it notes that the City of Donna, Texas, is located on the United States-Mexico border.  Many people who were born in Mexico live in Donna.  In this context, race and national origin are often improperly conflated.  For example, it is not uncommon for non-Mexican Hispanics to be improperly referred to as "Mexicans."  Thus, when the evidence in this case is construed in the light most favorable to Fischer, the term "white" may be interpreted to mean "non-Mexican."

decision makers and it strongly suggests that at least one other decision maker shared his opinion. Fourth, the comments addressed the exact employment decision at issue in this case.

After reviewing the comment made by Sauceda, as reported by Muñoz, the Court finds that it is direct evidence that Fischer was discriminated against based on her sex and her race/national origin. The Court notes that it need not resolve whether the comment is hearsay because Defendant has not specifically objected to this evidence. Furthermore, the Court finds that this evidence creates a genuine issue of material fact on whether Fischer was not hired because of her sex and race/national origin. Therefore, the Court **DENIES** Defendant's motion for summary judgment on Fischer's Title VII claims.

**B.    42 U.S.C. § 1981**

As noted earlier, Defendant's motion for summary judgment only specifically addressed Fischer's Title VII claims and completely failed to address Fischer's 42 U.S.C. § 1981 claims. Therefore, the Court **DENIES** Defendant's motion for summary judgment to the extent it was meant to apply to Fischer's 42 U.S.C. § 1981 claims.[31]

**III.    Conclusion**

After considering the motion, response, record, and relevant authorities, the Court **DENIES** Defendant's motion for summary judgment in its entirety.

IT IS SO ORDERED.

DONE this 14th day of May, 2013, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[31] The Court notes, however, that Fischer's § 1981 claims may be subject to dismissal as § 1981 does not provide a separate cause of action against local government entities.